**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**KATHLEEN A. FRANZ,**

                               **Plaintiff,**                  **10-CV-201A(Sr)**

v.

**NEW ENGLAND DISPOSAL**
**TECHNOLOGIES, INC., et al.,**

                               **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #3.

Currently before the Court is defendants' motion *in limine* seeking to preclude expert testimony from witnesses who have not provided disclosure pursuant to Rule 16(a)(2)(B) of the Federal Rules of Civil Procedure and seeking expenses, including attorneys' fees, resulting from this motion. Dkt. #12. Following plaintiff's supplemental disclosure of expert witness reports for Dr. Fishkin and Mr. Onions, defendants withdraw that aspect of their motion seeking to preclude their testimony, but continue to seek expenses, including attorneys' fees, associated with that aspect of their motion. Dkt. #20, p.3.

Plaintiff's complaint, which was commenced in New York State Supreme Court, County of Erie, and removed to this Court on the basis of diversity jurisdiction, seeks damages resulting from injuries sustained in a motor vehicle accident on February 7, 2007.  Dkt. #1.

At the core of the motion currently before the Court is the distinction between witnesses who will offer expert testimony because of their treatment of plaintiff and those witnesses who will offer expert testimony because they have been retained or specifically employed to provide such testimony.  Rule 26(a)(2) of the Federal Rules of Civil Procedure distinguishes between these expert witnesses as follows:

> (A) *In General*.  In addition to the disclosure required by Rule 26(a)(1) [Initial Disclosure], a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>   (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
>
>   (ii)  the facts or data considered by the witness in forming them;
>
>   (iii) any exhibits that will be used to summarize or support them;
>
>   (iv)  the witness's qualifications, including a

                list of all publications authored in the previous 10 years;
- (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

- (vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

- (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

- (ii) a summary of the facts and opinions to which the witness is expected to testify.

Rule 26 uses the term "expert" to refer to individuals who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters, but recognizes that the requirement of a written report

> applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of the party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendment. This principle was reiterated in the 2010 Advisory Committee Notes:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also

>provide expert testimony under Evidence Rule 702, 703, or 705.  Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony.  Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).  The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Thus, Rule 26(a)(2) "clearly contemplates a general category of persons who will give expert testimony . . . and a subcategory of persons who are specifically retained to give expert testimony."  *Lamere v. New York State Office for the Aging,* No. 03-CV-0356, 2004 WL 1592669 (N.D.N.Y. July 14, 2004).

On October 29, 2010, plaintiff responded to defendants' demand for expert information by disclosing, pursuant to Rule 26(a)(2), fourteen expert witnesses.  Dkt. #12-18.  With the exception of Dr. Fishkin and Mr. Onions, however, the disclosure for each of these individuals clearly state that these experts had not yet been retained.  Dkt. #12-7 thru 12-18.  Moreover, it is clear from the disclosure (and from other discovery, including medical records, provided to defendants), that the other experts disclosed were plaintiff's medical providers.  Dkt. #12-9 thru 12-18.  As such, they were not required to comply with the expert report requirement of Rule 26(a)(2)(B).

As a consequence, however, plaintiff's medical providers are precluded from rendering opinions based upon information obtained outside the course of treatment and beyond the reasonable reading of the providers' medical records.  *Lamere v. New York State Office for the Aging,* 223 F.R.D. 85, 89 (N.D.N.Y. 2004), *aff'd*

No. 03-CV-0356, 2004 WL 1592669 (N.D.N.Y. July 14, 2004).  This limitation is required because unlike a retained expert, a treating physician's testimony, "is based on the physician's personal knowledge of the examination, diagnosis, and treatment of a patient, and not on information acquired from outside sources."  *Brundidge v. City of Buffalo*, 79 F. Supp.2d 219, 224 (W.D.N.Y. 1999).  "As a general rule," however, "a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries."  *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995).  Thus, a treating physician "can express an opinion regarding the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of the disability, if any, caused by the injury" so long as the opinion is based upon the medical provider's care and treatment of the patient.  *Zanowic v. Ashcroft*, 97CIV5292, 2002 WL 373229, at *3 (S.D.N.Y. March 8, 2002).

"However, when the doctor's opinion testimony extends beyond the facts disclosed during the care and treatment of the patient and the doctor is specifically retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B).  *Peck v. Hudson City*, 100 F. Supp.2d 118, 121 (N.D.N.Y. 2000).  For example, "with regard to opinions based on information not learned during the course of treatment, a physician must comply with the rules regarding expert disclosure."  *Lewis v. Triborough Bridge & Tunnel Auth.*, 97 CIV 0607, 2001 WL 21256 (S.D.N.Y. Jan. 9, 2001).  In other words,  in order for doctor to testify concerning opinions not gleaned from his own diagnoses and treatment of the plaintiff, he must have been designated

an expert witness and must have prepared the necessary expert report. *Motta v. First Unum Life Ins. Co.*, No. CV 09-3674, 2011 WL 4374544, at *4 (E.D.N.Y. Sept. 19, 2011).

In light of the foregoing, plaintiff's medical providers will not be precluded from providing expert testimony for lack of an expert report pursuant to Rule 26(a)(2)(B), but their testimony will be limited to opinions based upon their treatment of plaintiff. Accordingly, defendant's motion *in limine* (Dkt. #12), seeking to preclude expert testimony from witnesses who have not provided disclosure pursuant to Rule 16(a)(2)(B) of the Federal Rules of Civil Procedure and seeking expenses, including attorneys' fees, resulting from this motion is denied.

**SO ORDERED**.

DATED:   Buffalo, New York
         November 9, 2011

                                          *s/ H. Kenneth Schroeder, Jr.*
                                          H. KENNETH SCHROEDER, JR.
                                          United States Magistrate Judge